UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

PAUL JUNIOR COOK                                                      PLAINTIFF

v.                                  CIVIL ACTION NO. 4:08CV-P128-M

SOUTHERN HEALTH PARTNERS *et al.*                         DEFENDANTS

**MEMORANDUM OPINION**

      The plaintiff, Paul Junior Cook, filed this civil rights action under 42 U.S.C. § 1983 against Defendants Southern Health Partners, Daviess County Detention Center, and Deputy May. Plaintiff alleges that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment because they failed to provide him with any medical attention when his eye became swelled shut. Since filing this action, Plaintiff has been released.

      This matter is now before the Court on Defendant Daviess County Detention Center's (DCDC) motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Under Rule 12(b)(6), the Court must dismiss a claim if it fails "to state a claim upon which relief can be granted." *Id.* DCDC alleges that it should be dismissed from this action because it is not a person capable of being used under § 1983. Plaintiff has not filed a response to DCDC's motion to dismiss. As his time for doing so has expired, this matter is ripe for a decision.

      DCDC is correct. Detention centers are not "persons" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Compare Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983); *see also Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959 at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983).

Accordingly, Plaintiff has failed to state a claim for relief against DCDC. By separate Order, the Court will grant DCDC's motion to dismiss.

Date:

cc: Plaintiff, *pro se*
 Counsel of record
4414.008