UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

PAUL JUNIOR COOK                                                   PLAINTIFF

v.                                            CIVIL ACTION NO. 4:08CV-P128-M

SOUTHERN HEALTH PARTNERS *et al.*                                  DEFENDANTS

MEMORANDUM OPINION AND ORDER

The plaintiff, Paul Junior Cook, filed this civil rights action under 42 U.S.C. § 1983

against Defendants Southern Health Partners, Daviess County Detention Center,[1] and Deputy

Mays.[2]  Plaintiff alleges that Defendants violated his Eighth Amendment right to be free from

cruel and unusual punishment because they failed to provide him with proper medical attention

when his eye became swollen shut.  Since filing this action, Plaintiff has been released.  The two

remaining Defendants, Southern Health Partners and Deputy Mays, have moved for summary

judgment.  Plaintiff has not responded to the motions.  As the time for a response has passed, the

motions are ripe for decision by this Court.  For the reasons stated below, the Court concludes

that the remaining Defendants are entitled to summary judgment.

**I.**

To grant a motion for summary judgment, the Court must find that the pleadings,

together with the depositions, interrogatories and affidavits, establish that there is no genuine

issue of material fact and that the moving party is entitled to judgment as a matter of law.  Fed.

R. Civ. P. 56.  The moving party bears the initial burden of specifying the basis for its motion

and of identifying that portion of the record which demonstrates the absence of a genuine issue

---

[1]By Order entered April 7, 2009, the Daviess County Detention Center was dismissed
from this action.

[2]Plaintiff named a "Deputy May" in his complaint.  However, it appears that the correct
spelling of this defendant's last name is actually "Mays."

of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party is required to do more than simply show there is some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Co.*, 475 U.S. 574, 586 (1986). The rule requires the non-moving party to present "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252. Where the non-moving party bears the burden of proof at trial, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. The moving party, therefore, is "entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." *Id.* One of the principal purposes of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Id.* at 323-24.

## II.

Plaintiff's claims against Defendants are pursued under 42 U.S.C. § 1983. Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere. It has two basic requirements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Plaintiff is

essentially alleging that the remaining two Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment.

**A.      Southern Health Partners**

It appears that Southern Health Partners contracted with the Daviess County Detention Center to provide medical services to its inmates.  "A private corporation is not liable under § 1983 for torts committed by its employees when such liability is predicated solely upon a theory of respondeat superior."  *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999).  Rather, a private corporation is liable under § 1983 only when an official policy or custom of the corporation causes the alleged deprivation of federal rights.  *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 817 (6th Cir. 1996).

The Court has carefully reviewed Plaintiff's complaint to determine whether he has alleged the existence of any official policy or custom.  Viewing the complaint liberally, it could be argued that Plaintiff is alleging that Southern Health Partners had a policy that required inmates to be seen by a nurse for evaluation/treatment before being referred to the medical doctor for additional treatment.  Plaintiff appears to suggest that he was entitled to see a doctor for his eye and he refused treatment by a nurse.

A prisoner is entitled to medical care.  This does not mean, however, that a prisoner is constitutionally entitled to see a doctor every time he wishes.  In many instances, evaluation by a trained nurse prior to a doctor's examination may be sufficient medical treatment for the purposes of the Eighth Amendment.  A nurse or physician's assistant may be able to effectively treat a prisoner without requiring a doctor's assistance.  In this case, Southern Health Partners's policy did not deny Plaintiff all medical care in violation of the Eighth Amendment.  Instead, Plaintiff simply alleges that the policy deprived him of the ability to receive the type of care he

deemed necessary to treat his condition at that specific time.  Mere disagreement with the nature

of one's medical treatment is not sufficient, standing alone, to constitute deliberate indifference

to a serious medical need.  *See Alberson v. Norris*, 458 F.3d 762, 765-66 (8th Cir. 2006).

Accordingly, Southern Health Partners's motion for summary judgment (DN 18) is **GRANTED**.

Southern Health Partners's motion to stay discovery (DN 19) is **DENIED as moot**.

**B.      Deputy Pauline Mays**

Plaintiff alleges that Deputy Mays took him to sick call sometime between September 28,

2008 and October 1, 2008.  He alleges that he was offered treatment by a nurse, but refused

because he wanted to be seen by a medical doctor.  He then alleges that Deputy Mays

told him to sign a treatment refusal which he would not do.  The only remaining allegation

involving Deputy Mays is as follows:  "She got mad and took me to my cell on 10-2-08."  These

are the only allegations relating to Deputy Mays in Plaintiff's complaint.

Deputy Mays has submitted an affidavit to the Court in which she explains her

involvement with Plaintiff during his incarceration at the Daviess County Detention Center as

follows:

> While serving as a DCDC deputy, I did have nominal contact with Paul Cook during
> the month of October, 2008.  On October 1, 2008, I took him for medical treatment
> to see the nurse employed by Southern Health Partners.  He refused treatment so I
> asked him to sign a refusal form which he refused to do.  The nurse decided to put
> him in for medical observation and I escorted him to the medical observation cell.
> I had no further contact with Mr. Cook over this incident.

(DN 24, Mays Aff.)

**1.      Individual-Capacity Claim**

A complaint filed under § 1983 must show a causal connection between the named

defendants and the alleged constitutional deprivation.  A § 1983 complaint must allege that

specific conduct by the defendants was the proximate cause of the constitutional injury.  *King v.*

4

*Massarweh*, 782 F.2d 825, 829 (9th Cir. 1986).  "Congress did not intend § 1983 liability to

attach where causation is absent."  *Deaton v. Montgomery County*, 989 F.2d 885, 889 (6th Cir.

1993).  To establish causation, a plaintiff must adduce "an affirmative link . . . [a] moving force

that animated the behavior . . . that resulted in the constitutional violations alleged."  *Id*.

Deputy Mays did not deny Plaintiff medical treatment as it is undisputed that she took

him to sick call.  Plaintiff's only remaining allegation against Deputy Mays appears to be that

she exhibited anger towards him.  However, allegations of non-physical harassment or

intimidation

do not suffice to establish a constitutional violation.  *See Ivey v. Wilson*, 832 F.2d 950, 955 (6th

Cir. 1987); *Cumbey v. Meachum*, 684 F.2d 712 (10th Cir. 1981);  *Oltarzewski v. Ruggiero*, 830

F.2d 136 (9th Cir. 1987).  As to Plaintiff's remaining allegations of insufficient medical

attention, Plaintiff has failed to establish that Defendant Mays was the proximate cause of his

alleged injuries.

### 2.    Official-Capacity Claim

"Official-capacity suits . . . 'generally represent [] another way of pleading an action

against an entity of which an officer is an agent.'"  *Kentucky v. Graham*, 473 U.S. 159, 166

(1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).

Plaintiff's official-capacity claim against Defendant Mays is actually against Daviess County.

*See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against

county clerk of courts in his official capacity was equivalent of suing clerk's employer, the

county).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct

issues:  (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so,

whether the municipality is responsible for that violation.  *Collins v. City of Harker Heights*,

*Tex.*, 503 U.S. 115, 120 (1992).

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in

other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."

*Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v.*

*City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994).  "[T]he touchstone of 'official policy' is

designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and

thereby make clear that municipal liability is limited to action for which the municipality is

actually responsible.'"  *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting

*Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in original).

A municipality cannot be held responsible for a constitutional deprivation unless there is

a direct causal link between a municipal policy or custom and the alleged constitutional

deprivation.  *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889

(6th Cir. 1993).  The policy or custom "must be 'the moving force of the constitutional violation'

in order to establish the liability of a government body under § 1983."  *Searcy*, 38 F.3d at 286

(quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of County*

*Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that the

plaintiff must demonstrate "deliberate conduct").

As already explained above, the only possible policy that Plaintiff has alleged is that

inmates are required to be seen by a nurse before a doctor is called in for additional treatment.  It

is unclear whether this is a policy of Southern Health Partners or Daviess County.  However,

even if it is a county policy, nothing about the policy violates Plaintiff's Eighth Amendment

rights.  Plaintiff made a medical complaint and he was offered treatment.  His Eighth

Amendment rights were not violated by requiring him to first receive that treatment from a

nurse.         Accordingly, Defendant Mays's motion for summary judgment (DN 24) is

**GRANTED.**

Date:

cc:    Plaintiff, *pro se*
       Counsel of record
4414.008

7